```
             IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF INDIANA
                       HAMMOND DIVISION


HERMAN HICKS,                    )
                                 )
Petitioner,                      )
                                 )
vs.                              )   NO. 2:05-CV-339
                                 )        (2:98-CR-78)
UNITED STATES OF AMERICA,        )
                                 )
Respondent.                      )
```

## OPINION AND ORDER

This matter is before the Court on the Motion Under 28 USC § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed by Petitioner, Herman Hicks, on September 6, 2005. For the reasons set forth below, this motion is **DENIED**. The Clerk is **ORDERED to DISMISS** this case with prejudice. The Clerk is **FURTHER ORDERED** to distribute a copy of this order to Petitioner, Prisoner No. 05315-027, at the United States Penitentiary in Pine Knot, Kentucky, or to such other more recent address that may be on file for Petitioner.


BACKGROUND

The facts and procedural posture of the underlying criminal case are lengthy, familiar, and set forth in detail in the Seventh Circuit's published opinion, *United States v. Hicks*, 368 F.3d 801 (7th Cir. 2004). The Court assumes the parties' familiarity with that

opinion and the proceedings of this case.  Relevant here, after a second trial, Petitioner, Herman Hicks, was convicted by a jury of Count 1, conspiracy to possess with intent to distribute and to distribute 50 grams or more of crack cocaine, in violation of Title 21 U.S.C. section 846; Count 5, possession with intent to distribute in excess of 5 grams of crack cocaine, in violation of Title 21 U.S.C. section 841(a)(1); and Count 6, possession with intent to distribute in excess of 5 grams of crack cocaine, also in violation of Title 21 U.S.C. section 841(a)(1).

   Subsequently, the Court conducted Petitioner's sentencing in a 4-part series.  The Court began with an evidentiary hearing on October 18, 2002.  This was followed by a February 21, 2003, hearing where the parties made their respective arguments, including sentencing objections.  On March 14, 2003, the Court made its findings, including that Petitioner was responsible for 550 grams of crack cocaine.  The Court also noted there were drugs and handguns recovered at the location where Hicks was arrested at in 1997.  The Court found it was clearly probable that the guns were connected to the offense and, therefore, gave a 2-level enhancement pursuant to section 2B1.1(b)(2) of the United States Sentencing Guidelines ("U.S.S.G").  Ultimately, Hicks' offense level was 36, criminal history was category 1, which resulted in a sentencing range of 188 to 235 months.  Petitioner was sentenced to a term of 235 months on each Count, to be served concurrently.  At the sentencing hearing, the Court orally pronounced

Petitioner guilty of Counts 1 and 6, but not 5. As a result, a fourth hearing was conducted on March 25, 2003. (See DE # 862). During this hearing, the Court acknowledged its previous failure to pronounce Petitioner guilty of Count 5. As such, the Court orally pronounced Petitioner guilty of Counts 1, 5 and 6.[1] The next day, the written judgment and conviction correctly accounted that Petitioner was convicted of Counts 1, 5 and 6.

Hicks appealed to the Seventh Circuit Court of Appeals, which affirmed his conviction. Hicks then filed a timely habeas petition pursuant to 28 U.S.C. section 2255. In the instant petition, Hicks argues: (1) that his due process rights were violated by the mandatory application of the sentencing guidelines; (2) that the Court erred in imposing the 10-year mandatory minimum sentence provided in Title 21 U.S.C. section 841(b)(1)(A); (3) the drug quantity attributed to Hicks via relevant conduct constitutes a miscarriage of justice; (4) the Court erred in giving Hicks a 2-level dangerous weapon enhancement; (5) that the judgment and conviction contains a clerical error of a sentence on Count 5; (6) that the Court erred in sentencing him to a concurrent sentence on Count 6; and (7) that his trial counsel was ineffective. Each of these contentions will be addressed.

---

[1] The March 25, 2003, hearing has not been transcribed to date. In making this finding, the Court relied upon the audio tape of the hearing.

DISCUSSION

Habeas Corpus

Habeas corpus relief under 28 U.S.C. section 2255 is reserved for "extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996). In order to proceed on a habeas corpus petition pursuant to 28 U.S.C. section 2255, a federal prisoner must show that the district court sentenced him in violation of the Constitution or laws of the United States, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. *Id.*

A section 2255 motion is neither a substitute for nor recapitulation of a direct appeal. *Id.; see also Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992), *overruled on other grounds by Castellanos v. United States*, 26 F.3d 717 (7th Cir. 1994). As a result:

> [T]here are three types of issues that a section 2255 motion cannot raise: (1) issues that were raised on direct appeal, absent a showing of changed circumstances; (2) nonconstitutional issues that could have been but were not raised on direct appeal; and (3) constitutional issues that were not raised on direct appeal, unless the section 2255 petitioner demonstrates cause for the procedural default as well as actual prejudice from the failure to appeal.

*Belford*, 975 F.2d at 313. Additionally, aside from demonstrating "cause" and "prejudice" from the failure to raise constitutional errors on direct appeal, a section 2255 petitioner may alternatively pursue such errors after demonstrating that the district court's

refusal to consider the claims would lead to a fundamental miscarriage of justice. *McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996).

In assessing Petitioner's motion, the Court is mindful of the well-settled principle that, when interpreting a pro se petitioner's complaint or section 2255 motion, district courts have a "special responsibility" to construe such pleadings liberally. *Donald v. Cook County Sheriff's Dep't.*, 95 F.3d 548, 555 (7th Cir. 1996); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (a "pro se complaint, 'however inartfully pleaded' must be held to 'less stringent standards than formal pleadings drafted by lawyers'") (quoting *Haines v. Kerner*, 404 U.S. 519 (1972)); *Brown v. Roe*, 279 F.3d 742, 746 (9th Cir. 2002) ("pro se habeas petitioners are to be afforded 'the benefit of any doubt'") (quoting *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)). In other words:

> The mandated liberal construction afforded to pro se pleadings "means that if the court can reasonably read the pleadings to state a valid claim on which the [petitioner] could prevail, it should do so despite the [petitioner's] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."

*Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999) (habeas petition from state court conviction) (alterations in original) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). On the other hand, "a district court should not 'assume the role of

advocate for the pro se litigant' and may 'not rewrite a petition to include claims that were never presented.'" *Id.* Here, the Court assessed Petitioner's claims with those guidelines in mind.

Application of Sentencing Guidelines

Petitioner contends that the sentencing process- the way the Guidelines were utilized- was unconstitutional. This complaint largely surrounds his purported liberty interest in having relevant conduct determined by a jury beyond a reasonable doubt, as opposed to the Court by a preponderance of the evidence. While declining to take this opportunity to write a law review article on the interplay of the Guidelines, a judge, and a jury, it is suffice to say that Petitioner has forfeited this argument by not raising it, or like arguments, at sentencing or on appeal. As set forth above, Petitioner is barred from raising constitutional issues in his section 2255 motion that were not raised on direct appeal unless he demonstrates either: (1) both good cause for his failure to raise the claims on direct appeal and actual prejudice from the failure to raise those claims; and (2) that the district court's refusal to consider those claims would lead to a fundamental miscarriage of justice. *McCleese*, 75 F.3d at 1177. Fatal to Petitioner's claim is that he does not even begin to meet either of these tests.

Moreover, relevant here and applicable to most of Petitioner's arguments, complaints regarding the application of the Guidelines is

not in and of itself grounds for relief under section 2255.  *United States v. Wilson*, 114 Fed. Appx. 757, 759-60 (7th Cir. 2004)(citing *United States v. Wisch*, 275 F.3d 620, 625 (7th Cir. 2001)).

10-Year Mandatory Minimum

Hicks next submits that he should not have been subjected to a mandatory 10-year minimum sentence on Count 1.  Like the claim that proceeded before it, Hicks has failed to raise this argument before filing his section 2255 petition.  He has also failed to demonstrate either good cause for not raising it or that this Court's refusal to consider the claim would lead to a fundamental miscarriage of justice.  Nevertheless, as Petitioner received in excess of a 10-year term of imprisonment, the 10-year mandatory minimum was not triggered.  Therefore, this claim is without merit.

Court's Determination of Drug Quantity

Next, Petitioner takes issue with the Court's finding that he was responsible for 550 grams of crack cocaine.  Like the claims that came before it, Hicks failed to raise this issue before filing his section 2255 petition.  Hicks also failed to demonstrate either good cause for not raising it or that this Court's refusal to consider the claim would lead to a fundamental miscarriage of justice.  Moreover, at the sentencing hearings the Court went to great lengths to determine and explain how it conservatively arrived at Hicks' attributable drug

-7-

quantity. Hicks has provided no evidence that the Court's finding was in error.

Dangerous Weapons Enhancement

Petitioner argues that the Court erred in enhancing his sentence pursuant to section 2D1.1(b)(1) for use of a dangerous weapon. Again, however, Hicks failed to raise this issue before filing his section 2255 petition. Also again, Hicks also failed to demonstrate either good cause for not raising it or that this Court's refusal to consider the claim would lead to a fundamental miscarriage of justice. Despite this failure, it is apparent that, for the reasons set forth at the March 14, 2003, sentencing hearing, the enhancement was proper.

Conflict of Oral and Written Judgment

Petitioner requests the Court "pursuant to Criminal Rule 36, correct the judgment insofar as it erroneously reflects that the court had adjudged guilty and sentenced petitioner as to count 5." (Pet. p. 27). In making this argument, Petitioner relies on the fact that the Court did not orally pronounce him guilty of Count 5 during the March 14 hearing, but the written judgment and conviction pronounced him guilty of Count 5. The Government agrees and joins this request. Despite this, what both parties fail to recognize is that the Court conducted a March 25 amended sentencing hearing, wherein the Court pronounced Petitioner guilty of Counts 1, 5 and 6. The written

judgment and conviction followed.  As such, this claim is without merit.

### 235-Month Concurrent Term of Imprisonment on Counts 1 and 6

Hicks claims that the Court violated the Guidelines by imposing a concurrent term of imprisonment on Counts 1 and 6.  This claim fails.  Aside from Petitioner's erroneous premise, Hicks again failed to raise this issue either at sentencing or on appeal.  Hicks also failed to demonstrate either good cause for not raising it or that this Court's refusal to consider the claim would lead to a fundamental miscarriage of justice.

### Ineffective Assistance Claims

Counsel in a criminal case must perform according to the standards of a reasonably competent attorney.  *Strickland v. Washington*, 466 U.S. 668, 687-91 (1984).  The test for ineffective assistance of counsel under *Strickland* is exacting.  To successfully assert such a claim, a Defendant must show that his attorney's representation "fell below an objective standard of reasonableness" and that, but for counsel's lapses, "the result of the proceeding would have been different."  *Porter v. Gramley*, 112 F.3d 1308 (7th Cir. 1987) (quoting *Strickland*, 466 U.S. at 688, 694).  "In sum, counsel's errors must result in a proceeding that is 'fundamentally unfair or unreliable.'"  *Kavanagh v. Berge*, 73 F.3d 733, 735 (7th Cir.

-9-

1996) (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 368 (1993)). The *Strickland* test is highly deferential to counsel, "presuming reasonable judgment and declining to second guess strategic choices." *United States v. Williams*, 106 F.3d 1362, 1367 (7th Cir. 1997) (citations omitted). For example, trial strategy is not a viable subject for review by this or any other court. *Williams v. McVicar*, 918 F. Supp. 1226, 1233 (N.D. Ill. 1996). Thus, when examining the performance prong of the test, a court must "indulg[e] a strong a presumption that counsel's conduct falls within the wide range of reasonable assistance." *Galowski v. Berge*, 78 F.3d 1176, 1180 (7th Cir. 1996) (internal quotes omitted). Similarly, when examining the prejudice prong, a court must attach a "strong presumption of reliability" to the original verdict. *Kavanagh*, 73 F.3d at 735 (citation omitted). Unless a defendant satisfies both parts of the test, "it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." *United States v. Fish*, 34 F.3d 488, 492 (7th Cir. 1994). With those principles in mind, the Court will review Petitioner's specific claims.

Petitioner's first claim centers around his trial counsel's failure to make constitutional objections to the sentencing procedure during sentencing. This claim fails on both the cause and prejudice prongs. To start, trial counsel did make cogent arguments regarding the quantity of drugs and sentencing enhancements. Moreover,

Petitioner has failed to show that his trial counsel's failure to raise constitutional challenges is an egregious deficiency that would satisfy the cause prong.  Even if his trial counsel had argued that the jury, rather than the judge, should have determined drug quantity, that argument would have been rejected.  *See e.g. United States v. Bjorkman*, 270 F.3d 482, 492 (7th Cir. 2001).

Petitioner's second argument is that his trial counsel was ineffective for failing to request a special verdict form to determine exactly how much crack cocaine the jury attributed to him.  The jury did find that Petitioner was responsible for "50 grams or more" of crack cocaine; however, Petitioner claims that the jury should not only find the appropriate quantity range, but also the exact quantity.  This is not the law and was not when Petitioner was sentenced.  *United States v. Tolliver*, 454 F.3d 660, 669 (7th Cir. 2006); *United States v. Smith*, 308 F.3d 726 (7th Cir. 2002).  Thus, Petitioner's counsel was not ineffective for not requesting a special verdict form.

Petitioner's third complaint is that his trial counsel failed to object to the imposed 235-month term of imprisonment, which Petitioner claims is higher than the statutory maximum.  This constitutionally charged complaint is without merit.  Petitioner was found to be guilty of possession with intent to distribute in excess of 5 grams of crack cocaine.  Such a finding exposed Petitioner to a statutory maximum 40-year term of imprisonment, Title 21 U.S.C. § 841(b)(1)(B)(iii), which is more than Petitioner received.  Thus, contrary to Petitioner's

-11-

belief, his sentence on Count 6 did not rise above the statutory maximum. As the premise upon which Petitioner set his ineffective claim upon was faulty, it is obvious why his trial counsel did not object. Simply, as this was an ill-fated argument there is no cause or prejudice resulting from his trial counsel's failure to object to the imposed 235-month term of imprisonment.

Fourth, Petitioner, without any direct evidence or argument, speculates that "counsel's failure to apprehend the pivotal nature of the concept of 'reasonable foreseeability' incapacitated him insofar as Petitioner's relevant conduct objections were concerned." (Pet. at p. 32) As Petitioner does not even state the basis upon which his counsel should have challenged the denial of acceptance of responsibility, he has failed to meet the performance prong of *Strickland*. In addition, upon the Court's own review of the record, it is apparent that counsel's conduct clearly falls within the range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Counsel vigorously attacked the reasonable foreseeability with respect to drugs attributable to Petitioner.

Fifth, Petitioner complains about his trial counsel's failure to argue that he was entitled to a minor participant reduction pursuant to section 3B1.2. This section provides for a 2-level reduction in offense level when a defendant can establish he was "substantially less culpable than the average participant." U.S.S.G. § 3B1.2, comment, n. 3(A). Petitioner does not elaborate as to why he feels

he was entitled to such a reduction.  Moreover, upon review of the record, it is clear that Defendant was not deserving of this reduction as he was an active participant in the drug conspiracy.

Finally, Petitioner faults his appellate counsel for not raising the issues he raised in his petition.  The performance of appellate counsel is judged using the same standards for determining whether trial counsel is ineffective.  *See Freeman v. Lane*, 962 F.2d 1252, 1257 (7th Cir. 1992).  Here, the Court has not found any issue raised by Petitioner.  Thus, Petitioner's appellate counsel did not cause any prejudice by failing to raise them on appeal.

CONCLUSION

For the reasons set forth above, this motion is **DENIED**.  The Clerk is **ORDERED to DISMISS** this case with prejudice.  The Clerk is **FURTHER ORDERED** to distribute a copy of this order to Petitioner, Prisoner No. 05315-027, at the United States Penitentiary in Pine Knot, Kentucky, or to such other more recent address that may be on file for Petitioner.

**DATED:  October 4, 2006**              /s/RUDY LOZANO, Judge
                                         United States District Court